# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| JAMES PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV607-002 |
| | ) | |
| HUGH SMITH, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On January 10, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff claims that Georgia State Prison is inadequately staffed in that single female officers are assigned to monitor the dorm areas, which violates the consent decree entered in Guthrie v. Evans.[1] Doc. 1. Plaintiff has provided the Court with a list of dates from November 27, 2006 through

---

[1] Guthrie v. Evans, Case No. 3068 (S.D. Ga. 1972), involved a remedial consent decree which ordered changes in many aspects of the Georgia State Prison, including issues such as the use of force, security, training of officers, and medical and mental health treatment. See Clark v. Evans, 840 F.2d 876, 879 (11th Cir. 1988). The Court terminated the Guthrie decree in 1997, Case No. 3068, doc. 1724, 1729, in the wake of the Prison Litigation Reform Act, Pub. L. No. 104-134, 11 Stat. 1321. Guthrie, therefore, has no application to the instant case.

December 3, 2006 when a single female officer was assigned to supervise prison dorm areas. Id. Plaintiff complains that the insufficient staffing problems violate an Eleventh Circuit Court Order; however, he has failed to show how the assignment of a single female officer to monitor prison dorm areas has violated any constitutional right.

The Eighth Amendment, which prohibits the infliction of cruel and unusual punishment on those convicted of crimes, requires the state to provide humane conditions of confinement for those individuals whom it has taken into its custody. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials have a duty to ensure that prisoners' conditions of confinement are humane, and "must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)); see Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). The Constitution, however, "'does not mandate comfortable prisons," and thus "[p]rison conditions may be 'restrictive and even harsh.'" Farmer, 511 U.S. at 832, 833. "Inmates cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988). The assignment of a single female officer to monitor prison dorm

3

areas does not rise to the level of a constitutional violation, and plaintiff has not alleged how he has suffered any constitutional harm from the mere existence of the alleged inadequate staffing. Plaintiff's complaint, therefore, should be DISMISSED.

SO REPORTED AND RECOMMENDED this 8TH day of March, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA